## 12 AVENUE APARTMENTS, INC. v BOYCE

Case No. 88-11475 CC

County Court, Broward County

May 19, 1989

### APPEARANCES OF COUNSEL

**Donald S. Rose,** for plaintiff.

**Anne Shaughnessy,** Legal Aid Service of Broward County, Inc., for defendant.

### OPINION OF THE COURT

LEONARD L. STAFFORD, County Judge.

THIS CAUSE having come before the Court on Plaintiff's Motion to Consolidate, to Add Party Defendants, and to Amend Complaint with Additional Identical Cause of Action and the Court having heard argument of counsel and being fully advised in the premises, makes the following findings:

1. On January 28, 1988 Legal Aid Services of Broward County, Inc.

assisted the Defendant, LAZETTA BOYCE, in a legal rent withholding by sending a seven-day letter to her landlord, pursuant to Chapter 83, Florida Statutes.

2. Beginning January 28, 1988 Defendant, LAZETTA BOYCE, withheld her rent from her landlord and deposited the money in Legal Aid Service of Broward County, Inc.'s trust account.

3. In July, 1988, Plaintiff filed a Complaint for Tenant Eviction which sought possession only, and did not seek money damages; nor did Plaintiff file a Motion for Default based on Plaintiff's failure to post the rent monies in the court registry.

4. Also in July, 1988, the tenant directed Legal Aid Service of Broward County to return to her the monies she had deposited in Legal Aid Service of Broward County, Inc.'s trust account, terminated her relationship with Legal Aid Service of Broward County, Inc. and moved out of the apartment because the Plaintiff failed to make the requested repairs.

5. The Plaintiff admits that the tenant vacated the premises in July, 1988 and that the issue of possession is moot.

6. In May, 1989 the Plaintiff filed the above mentioned Motions.

7. Any money held in an attorney's trust account, including money held as a result of a lawful rent withholding, belongs to the client and must be returned to the client at his or her request, pursuant to Rule 4-1.15 of the Rules of Professional Conduct.

It is therefore ORDERED AND ADJUDGED:

Plaintiff's Motions to Consolidate, to Add Party Defendants, and to Amend Complaint are hereby denied.

DONE AND ORDERED in Chambers, at Fort Lauderdale, Broward County, Florida, this 19th day of May, 1989.